1  Charles Johnson
   2125 -10TH AVE. #17
2  Oakland, CA 94606

4  In Propria Persona

E-filing



FILED
JUN 30 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IFP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADR

CHARLES JOHNSON,

    PLAINTIFF,

    v.

OAKLAND POLICE OFFICERS R. ENDOW, K. STAGGS, L. AUSMUS, S. SEDER, T. MORK, R. ROSIN, R. VASS, C. COX, R. JENSEN, AND OAKLAND POLICE OFFICERS WHOSE NAMES ARE NOT KNOWN TO PLAINTIFFS AT THIS TIME, INDIVIDUALLY, AND IN THEIR CAPACITIES AS EMPLOYEES OF THE CITY OF OAKLAND, THE CITY OF OAKLAND, AND DOES 1-10,

    DEFENDANT.

CIVIL NO: C08-03140 JCS

COMPLAINT FOR DAMAGES

JURY TRIAL DEMANDED

1.    Plaintiff, Charles Johnson, is and at all times mentioned herein was a resident of Alameda County, California.

2.    Oakland Police Officers R. Endow, K. Staggs, L. Ausmus, S. Seder, T. Mork, R. Rosin, R. Vass, C. Cox, R. Jensen, and Does 1-10, police officers whose names and capacities are not known to plaintiff, are sued herein individually and in their official capacities as a sworn

COMPLAINT FOR DAMAGES    - 1 -

peace officers of the State of California, City of Oakland, for acts and conduct under color of law, as follows.

3. The City of Oakland is a municipal corporation of the State of California.

4. This action is brought pursuant to 42 U.S.C. sections 1983, et seq. and 1988, and the California Constitution, civil rights statutes and common law. Jurisdiction is based on 28 U.S.C. sections 1331 and 1343 and the aforementioned federal statutes.

5. Plaintiffs further invoke the pendent jurisdiction of this court to decide claims arising under the California Constitution and California law covering the use of unreasonable force.

6. Plaintiffs have filed administrative claims in compliance with Cal. Govt. Code §910 et seq, and such claims have been denied.

7. Plaintiffs have standing to file this complaint against defendants because they were injured by Defendants' acts, violation of the California and United States Constitutions, and California tort law.

8. Under 42 U.S.C. sections 1983, et seq. and 1988, Plaintiffs have standing to bring suit against defendants to recover compensation for Plaintiffs' injuries resulting from Defendants' violation of Plaintiffs' Constitutional rights.

9. The City of Oakland is a subdivision of the State of California and was acting pursuant to the police power authorized by Article XI, Section 7, of the California Constitution, when Oakland Police officers injured Plaintiff.

10. When the officers injured Plaintiff, they were acting as employees of the City of Oakland Police Department.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF TITLE 42 U.S.C. SECTION 1983

11. Plaintiff hereby incorporates by reference paragraphs 1 through 10, of this complaint as if fully set forth herein.

12. Both Charles Johnson's and Charles Johnson, Sr.'s Constitutional rights were violated on December 12, 2007, at 8831 "D" Street, Oakland, California.

13. On or about December 12, 2007, in Oakland, California, Defendants Officers R. Endow, K. Staggs, L. Ausmus, S. Seder, T. Mork, R. Rosin, R. Vass, C. Cox, R. Jensen, and Officers whose names are unknown at this time, appeared at Charles Johnson, Sr.'s and Charles Johnson Jr.'s residence at 8831 "D" Street, Oakland, California.

14. According to the statements made to Charles Johnson, the Defendant officers, received a report from a confidential source that Charles Johnson, and or others possessed firearms and were selling illegal drugs from the residence at 8831 "D" Street, Oakland, California.

15. Defendant officers alleged that they obtained a search warrant based upon the above incorrect assumptions.

16. The Defendants working with each other conspired to and did detained Charles Johnson, his son, and others whom are not a part of this law suit.

17. The Defendants placed Charles Johnson and his son in handcuffs and removed them from the residence so they could not witness the unlawful search and then they searched the residence, including the bedrooms of Charles Johnson and his son.

18. The defendants arrested both Charles Johnson. and his son without informing them of the reasons for their arrests.

19. Defendants did; however, seize prescription medicines lawfully prescribed to Charles Johnson and his son.

20. Defendants conspired to and did also seized approximately $7,100, from Charles Johnson, approximately $600 of which was on his person, and $6,500 of which was hidden in a jacket pocket inside his bedroom closet. He had recently inherited that money as a result of the sale of his deceased father's estate and he confirmed the money was there minutes before the police searched his room.

21. Days later, Defendants later released both Charles Johnson and his son.

22. Defendants returned Charles Johnson prescription medications to his son.

23. Defendants did not return any of Charles Johnson's son's prescription medication.

COMPLAINT FOR DAMAGES                     - 3 -

1   24.   Defendants did not return any of the money they wrongfully seized.

2   25.   Both Charles Johnson filed a claim against the City of Oakland, under the Government tort claims act demanding the return of his money.

26.   About February 1, 2008, following a January 2008, letter from Internal Affairs requesting that this plaintiff Charles Johnson be interviewed regarding his claims against the City of Oakland, he was re-arrested by Oakland Police for a probation violation related to the original false arrest of December 21, 2007, and charged with possession of narcotics.

27.   Charles Johnson believes he was re-arrested in retaliation for filing a claim against the City of Oakland pursuant to the Government Code.

28.   Charles Johnson remained in custody until about June 3, 2008, when he was again released without any of the charges being sustained and there was no finding of a probation or parole violation. Despite Charles Johnson remaining in custody for many months, neither of his arrests resulted in a conviction or any other form of criminal penalty.

29.   When Charles Johnson went over the police report with his attorney while in custody, he noticed that the $6,500 taken from his closet was not listed. Furthermore, there is no mention of the $6,500 anywhere in the report.

30.   Defendants' above-described conduct, and particularly the unreasonable seizure of plaintiffs, violated plaintiffs' rights pursuant to 42 U.S.C. §1983 under the Fourth Amendment, applicable to the states under the Fourteenth Amendment to the United States Constitution.

31.   Defendants' above-described conduct, and particularly the acts and omissions of those defendants and maltreatment of the plaintiff, violated plaintiff's rights under the Fourth and Fourteenth Amendments, applicable to the states under the Fourteenth Amendments to the United States Constitution.

32.   Defendants' above-described conduct, and particularly the acts and omissions of those defendants involved in the unlawful seizure of plaintiffs, is tantamount to a policy and custom of certain employees of the City of Oakland of taking money and property from arrested persons and failing to list it in the report or return it to the person from whom it was taken. In addition, the City of Oakland failed to properly supervise / and or train its employees in proper

COMPLAINT FOR DAMAGES                    - 4 -

procedures for searching residences, listing items seized, and returning money seized as a result of these arrests.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## PENDENT STATE CLAIMS

33. Plaintiff hereby incorporates by reference paragraphs 1 through 32, of this complaint as if fully set forth herein.

34. In doing the acts complained of herein, Defendants, and each of them, intentionally and unlawfully restrained and bound Plaintiffs to a confined area without their permission.

35. In doing the acts complained of herein, Defendants, and each of them, unlawfully converted money belonging to Charles Johnson to their own use without the permission of Charles Johnson.

## PUNITIVE DAMAGES ALLEGATION

36. Plaintiff hereby incorporates by reference paragraphs 1 through 35, of this complaint as if fully set forth herein.

37. Defendants' above-described engaged in conduct that was intentional, malicious, oppressive, and in reckless disregard of plaintiff's Constitutional rights.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for each cause of action for which she is entitled to a jury trial.

WHEREFORE, Plaintiffs respectfully pray that this Court grant the following relief:

A. An award of compensatory and general damages for Charles Johnson and against the defendants, jointly and severally, in the amount of $1,007,100;

B. A change in City of Oakland police policy requiring that witnesses be present during all phases of searches.

C. An award of exemplary and punitive damages against all defendants sued in their

1  individual capacities in the amount of $500,000, to be apportioned between the plaintiffs;
2       D.     Trial By Jury; and such other and further relief as the Court may deem just
3  and proper.
4  Dated: 6-26-08

By: Charles Johnson, Plaintiff